IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. CR417-011
)
MAYNARD SANDERS, )
)
Defendant. )
)

## O R D E R

Before the Court is Defendant Maynard Sander's Motion for New Trial. (Doc. 58.) In the motion, Defendant argues he is entitled to a new trial because "the verdict was against the weight of evidence presented at trial." (Id. at 1.) The Government has responded in opposition, pointing to evidence adduced at trial that supports the jury's guilty verdict. (Doc. 59.) For the following reasons, Defendant's motion is **DENIED**.

Federal Rule of Criminal Procedure 33(a) permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). When assessing a motion seeking a new trial based on the weight of the evidence presented at trial, the Court is not required to view that evidence in the light most favorable to the verdict. United States v. Martinez, 763 F.2d 1297, 1313 (11th Cir. 1985). Rather, the Court may conduct its

own analysis of both the credibility of the witnesses and the weight of the evidence. Id. However, the Court is not empowered to reweigh the evidence and set aside the verdict simply because it feels that a contrary result would be more reasonable. Id. It is for this reason that motions of this type are disfavored and only granted in the rare event that the evidence presented at trial "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Id.

In this case, the Court has reviewed the evidence presented at trial and concludes that Defendant is not entitled to a new trial. Quite simply, the Government presented at trial a bounty of evidence establishing Defendant was guilty of possessing a firearm while having previously been convicted of a felony offense. For example, Defendant confessed that he owned the firearm to both a Savannah State University detective and United States Secret Service agent. The firearm was found in a bag located inside the vehicle of another individual, who identified Defendant as the owner of the bag. Moreover, the bag was identified with Defendant's first initial and last name, and contained several documents bearing Defendant's full name. Authorities also discovered inside the bag a cellular telephone linked to an account in Defendant's

name. While not an exhaustive list, this evidence roundly supports the jury's verdict in this case such that permitting the verdict to stand in no way amounts to a miscarriage of justice. Accordingly, Defendant's Motion for New Trial (Doc. 58) is **DENIED**.

SO ORDERED this 17th day of October 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA