IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. CR417-011 |
| | ) |
| MAYNARD SANDERS, | ) |
| | ) |
| Defendant. | ) |

### O R D E R

Before the Court is Defendant Maynard Sanders's Motion for Compassionate Release Pursuant to 18 U.S.C. §3582(c)(1)(A) (Doc. 96), which the Government has opposed Defendant's motion (Doc. 99). For the following reasons, Defendant's motion (Doc. 96) is **DISMISSED IN PART** and **DENIED IN PART**.

#### BACKGROUND

In June 2017, a jury convicted Defendant of possession of a firearm by a convicted felon. (Doc. 53.) Defendant was sentenced to 78 months' imprisonment. (Doc. 66 at 2.) Defendant appealed his sentence (Doc. 65), and the Eleventh Circuit Court of Appeals affirmed the sentence (Doc. 84).[1] Defendant was subsequently sentenced to 186 months' imprisonment in a separate case, 147 months of which the district court ordered to run consecutively to the sentence in this case.[2] According to the Federal Bureau of Prisons'

---

[1] United States v. Sanders, 744 F. App'x 641 (11th Cir. 2018).
[2] United States v. Sanders, No. 4:16-cr-358, Doc. 69 at 2 (S.D. Ga. Feb 28, 2018).

("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Williamsburg located in Salters, South Carolina, with a projected release date of February 5, 2033. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on January 4, 2021).

## ANALYSIS

Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic or to be placed on home confinement.[3] (Doc. 96 at 1.) Specifically, Defendant alleges that he suffers from hypertension, cardiopulmonary pathology, seizures and lymphoma and that these conditions put him at a higher risk of suffering severe complications from COVID-19. (Id. at 3; Doc. 96, Attach. 1 at 6.) The Government argues that Defendant's motion should be denied based on the factors set forth in 18 U.S.C. § 3553(a). (Doc. 99 at 17.) For the following reasons, the Court finds that Defendant's motion is due to be dismissed in part and denied in part.

I.   HOME CONFINEMENT

First, to the extent Defendant is seeking an order from this Court placing him on home confinement, his request is due to be dismissed. A request for home confinement under the Coronavirus Aid,

---

[3] Defendant previously sought compassionate release in his other case raising the same arguments he brings in the present motion. See Sanders, No. 4:16-cr-358, Doc. 98. The district court denied that motion on October 8, 2020. Sanders, No. 4:16-cr-358, Doc. 102.

2

Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, is different than a request for sentence reduction based upon compassionate release. Under Section 12003(b)(2) of the CARES Act, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the BOP is permitted to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." United States v. Allen, No. 2:14-cr-024, 2020 WL 2199626, at *1 n.1 (S.D. Ga. May 6, 2020). Thus, the BOP is utilizing its authority under 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c)—to effectuate the Attorney General's directive to the BOP regarding home confinement in connection with the CARES Act. Id. at *1. This Court lacks the authority to order the BOP to release a prisoner on home confinement. See United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (explaining that under 34 U.S.C. § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and the district court was without jurisdiction to grant relief); see also Allen, 2020 WL 2199626, at *1 ("These statutes do not authorize a federal court to order the BOP to release a prisoner."); United States v. Greene, No. CR 116-056, 2020 WL 3316987, at *1 (S.D. Ga. June 18, 2020). Thus, to the extent

3

Defendant is seeking an order from this Court placing him on home confinement, Defendant's motion is **DISMISSED**.

II. <u>COMPASSIONATE RELEASE</u>

    A. <u>Eligibility for Compassionate Release</u>

18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

On April 17, 2020, Defendant submitted a Reduction in Sentence ("RIS") request to the Warden of FCI Williamsburg seeking compassionate release. (Doc. 96, Attach. 1 at 6.) In his RIS request, Defendant claims to suffer from several medical conditions. (<u>Id.</u>)

4

The Warden denied Defendant's request on April 27, 2020. (Id. at 8.) Defendant filed the current motion on November 11, 2020, over 30 days after the Warden received his RIS request. (Doc. 96.) In response to Defendant's motion, the Government concedes Defendant has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). (Doc. 99 at 8 n.4.) Accordingly, the Court finds Defendant has exhausted his administrative remedies with respect to his motion. United States v. Smith, No.: 3:97-cr-120-J-34PDB, 2020 WL 5106694, *3-4 (M.D. Fla. Aug. 31, 2020) (finding the defendant satisfied the § 3582(c)(1)(A) exhaustion requirement by filing motion with the district court "more than 30 days after submitting his request" to the warden). The Court must now consider whether Defendant's medical conditions qualify as "extraordinary and compelling reasons" justifying compassionate release.

B. Extraordinary and Compelling Reasons for Compassionate Release

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The

5

application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

In seeking compassionate release, Defendant contends that he suffers from hypertension, cardiopulmonary pathology, seizures and lymphoma. (Doc. 96 at 3; Doc. 96, Attach. 1 at 6) Defendant argues that these conditions qualify as extraordinary and compelling reasons for compassionate release because they put him at an increased risk of suffering severe complications from COVID-19. (Doc. 96 at 3.) The Government concedes that Defendant's hypertension and cardiopulmonary pathology "might" place him at increased risk of serious illness from COVID-19 and "leaves it to the Court to determine whether the combination of these conditions

6

with the CDC's current recommendations qualifies as an 'extraordinary and compelling reason' under § 1B1.13, n.1." (Doc. 99 at 16.) The Court finds Defendant has not demonstrated that his medical conditions qualify as an extraordinary and compelling reasons for compassionate release under U.S.S.G. § 1B1.13, n.1(A)(ii).

As an initial matter, Defendant has presented evidence that he suffers from seizures, but seizures are not included on the Center for Disease Control's list of conditions which create risk for serious illness from COVID-19.[4] Additionally, as the Government notes, Defendant's BOP medical records indicate that he has not been diagnosed with lymphoma. (See Doc. 99 at 15; Doc. 99, Attach. 4 at 81.) Defendant has presented evidence that he suffers from hypertension and cardiopulmonary pathology, which "might" increase his risk from COVID-19. (Doc. 96, Attach. 1 at 2, 5.) However, "[t]he Court is unwilling to conclude that a condition that 'might' put a defendant at an increased risk qualifies his circumstances as extraordinary and compelling enough to warrant early release." United States v. Mingo, No. CR612-018, 2020 WL 5028770, at *2 (S.D. Ga. Aug. 25, 2020). Absent additional evidence, the Court does not find Defendant's medical conditions qualify as extraordinary and

---

[4] See People with Certain Medical Conditions, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last revised Nov. 2, 2020).

7

compelling reasons for compassionate release. See United States v. Elliot, No. CR413-115, 2020 WL 5171363, at *3 (S.D. Ga. Aug. 31, 2020) (finding no extraordinary and compelling reason where defendant failed to provide evidence of the severity or existence of his asthma).

Additionally, the Court does not find that COVID-19 is in and of itself an extraordinary and compelling reason to warrant compassionate release. See United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."); United States v. Johnson, No. CR108-110, 2020 WL 2449343, at *1 (S.D. Ga. May 12, 2020) ("[Defendant's] generalized concern about possible exposure [to COVID-19] is at this point too speculative to qualify as extraordinary and compelling."). Accordingly, because Defendant has not demonstrated an extraordinary and compelling reason under § 3582(c)(1)(A), Defendant's motion for compassionate release (Doc. 96) is **DENIED**.

C. Consideration of the § 3553(a) Sentencing Factors

Even if Defendant had presented an extraordinary and compelling reason justifying compassionate release, the Court finds that the factors set forth in 18 U.S.C. § 3553(a) weigh against granting

8

Defendant's motion. In considering a defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court must consider the factors set forth in § 3553(a). Section 3553(a) provides the following factors for the Court's consideration:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed—
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3) the kinds of sentences available;
4) the kinds of sentence and the sentencing range established . . .;
5) any pertinent policy statement . . .;
6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7) the need to provide restitution to any victims of the offense.

Courts may, even after finding a defendant eligible for compassionate release, find that the § 3553(a) factors weigh against release. See United States v. Chambliss, 948 F.3d 691, 693-94 (5th Cir. 2020) (affirming a district court's denial of a defendant's motion for compassionate release where the district court found that, although the defendant's terminal liver cancer was an extraordinary and compelling reason for compassionate release, the § 3553(a) factors weighed against a sentence reduction); United

9

States v. Rodd, 966 F.3d 740, 748 (8th Cir. 2020) (affirming a district court's denial of a defendant's motion for compassionate release based on the § 3553(a) factors); United States v. Pawlowski, 967 F.3d 327, 331 (3d Cir. 2020) (same); United States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020) (same).

In June 2017, a jury convicted Defendant of possession of a firearm by a convicted felon. (Doc. 53.) (Doc. 92; Doc. 272, Attach. 1 at 4.) At Defendant's sentencing hearing, the Court noted that Defendant's guidelines range was 51 to 63 months' imprisonment based on a criminal history category IV. (Doc. 78 at 5.) The Court departed upwards from this range and sentenced Defendant to a 78 months' imprisonment, noting that criminal history category IV better reflected Defendant's substantial criminal history. (Id. at 12.) Defendant appealed his sentence (Doc. 65), and the Eleventh Circuit Court of Appeals affirmed the sentence, also acknowledging Defendant's substantial criminal history (Doc. 84 at 5-6).[5]

While the Court is sensitive to the concerns that Defendant has for his health and safety due to the COVID-19 pandemic, the Court finds that a reduction in his sentence is not warranted. Reducing Defendant's sentence would not provide adequate deterrence to future crimes, considering Defendant committed the current crime while awaiting sentencing on a separate case. Reducing Defendant's

---

[5] United States v. Sanders, 744 F. App'x 641 (11th Cir. 2018).

10

sentence would also not reflect the seriousness of the crime or promote respect for the law. Defendant has a significant criminal history, including at least two prior felony convictions for possession of firearm by a convicted felon. See United States v. Wilkerson, CR 214-014-2, 2020 WL 4288418, at *4 (S.D. Ga. July 27, 2020) (finding defendant's significant criminal history weighed against compassionate release). As a result, Defendant's motion (Doc. 96) is **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. §3582(c)(1)(A) (Doc. 96) is **DISMISSED IN PART** and **DENIED IN PART**.

SO ORDERED this 5th day of January 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA