IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                          ) | CASE NO. CR417-011 |
| ) | |
| MAYNARD SANDERS, ) | |
| ) | |
| Defendant.    ) | |

## O R D E R

Before the Court is Defendant Maynard Sanders's Pro Se Motion to Reconsider Order Denying Motion for Compassionate Release (Doc. 110), which the Government has opposed (Doc. 111). In his motion, Defendant seeks reconsideration of this Court's May 6, 2021, order denying him compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 110 at 1.) First, Defendant requests that the Court reconsider its conclusions that Defendant failed to present an "extraordinary and compelling" reason for release. (Id. at 5-6.) Second, Defendant requests reconsideration of the 18 U.S.C. § 3553(a) factors which Defendant claims he did not fully brief in his motion for compassionate release. (Id. at 7.) The Government opposes Defendant's motion for reconsideration on the ground that Defendant's motion is untimely. (Doc. 111 at 3.) Alternatively, the Government argues that Defendant again fails to present an "extraordinary and compelling" reason for compassionate release and that the § 3553(a) sentencing factors still weigh against

Defendant's release. (Id. at 1.) For the following reasons, the Court finds that Defendant's motion (Doc. 110) is due to be denied.

"[N]o statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case . . . ." United States v. Vives, 546 F. App'x 902, 905 (11th Cir. 2013) (per curiam). "Yet, the Eleventh Circuit has permitted the filing of motions for reconsideration in criminal cases." United States v. Bryant, No. CR 497-182, 2020 WL 421186, at *1 (S.D. Ga. Jan. 27, 2020) (citing United States v. Phillips, 597 F.3d 1190, 1199-1200 (11th Cir. 2010)). A motion for reconsideration will not be considered timely unless it is filed within the period of time permitted to file a notice of appeal. United States v. Vicaria, 963 F.2d 1412, 1414 (11th Cir. 1992) (per curiam) (citation omitted). Under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), a criminal defendant has fourteen days from the entry of a final order to file a notice of appeal. United States v. Ortiz-Lopez, No. 8:11-cr-48-T-33AAS, 2017 WL 1065528, at *2 (M.D. Fla. Mar. 21, 2017) (citations omitted).

In this case, the Court dismissed in part and denied in part Defendant's motion for compassionate release on May 6, 2021. (Doc. 108.) Defendant filed his motion for reconsideration on April 4, 2022, over ten months after the Court entered its order denying

2

him compassionate release.[1] (Doc. 110 at 10.) As a result, Defendant's motion for reconsideration (Doc. 110) is **DENIED** as untimely.[2]

SO ORDERED this 5th day of May 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Although the Court did not receive Defendant's motion until May 2, 2022, Defendant signs and dates his motion for reconsideration on April 4, 2022. (Doc. 110 at 12.) Accordingly, the Court finds that Defendant filed his motion for reconsideration on April 4, 2022. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam) (finding pro se prisoner's motion will be presumed filed on the date of signing under the "mailbox rule").

[2] Even if Defendant's motion was timely and the Court reconsidered its prior order, Defendant's motion would still be denied. The Court has previously considered Defendant's eligibility for compassionate release on two separate occasions and found each time that Defendant's medical conditions failed to present an "extraordinary and compelling" reason justifying release. (Doc. 103 at 8; Doc. 108 at 8-9.) Defendant's current motion fails to persuade the Court that it should now reach a different conclusion, especially since Defendant is now vaccinated against COVID-19. (Doc. 111 at 4.)